## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2018, 11:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Grant Elam,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 28, 2018

Court of Appeals Case No.
49A02-1708-CR-1952

Appeal from the Marion Superior Court, Criminal Division 17

The Honorable Christina Klineman, Judge

Trial Court Cause No.
49G17-1702-CM-6298

**Vaidik, Chief Judge.**

## Case Summary

[1] Grant Elam appeals his two convictions for invasion of privacy for violating an ex parte protective order that his mother obtained. He argues that there is insufficient evidence to show that he was properly served with the protective order and that, as to one of his convictions, he called or texted his mother. We affirm.

# Facts and Procedural History

[2] Elam is an Afghanistan combat veteran who suffers from schizophrenia, paranoia, and delusions. One of those delusions is that he needs to kill his mother, Dorian, to protect her from demons.

[3] On February 1, 2017, Dorian obtained a protective order against Elam after he threatened to kill her. As part of the order, Elam was "prohibited from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with" Dorian. Ex. 5. He was also ordered to stay away from Dorian's residence. The order remained in effect until April 1, 2017.

[4] The day after the protective order was issued, Marion County Sheriff's Deputy James Dean personally served Elam with a copy of it. Deputy Dean verified that he was speaking to Elam, read the terms and conditions of the order to Elam, and asked if Elam had any questions. Tr. Vol. II p. 31. Deputy Dean usually has the individual being served sign the back of the order to show that he received a copy. It was also customary for there to be a stamp from the sheriff's office on the back of the order. The copy of the order admitted at trial

did not have either Elam's signature or a stamp from the sheriff's office. *See* Ex. 5.

[5] One week after being served with the protective order, Elam called Dorian and left a voicemail. Tr. Vol. II pp. 35-36 (Elam admitting that, "I called my mom from the VA phone on February Ninth (9th) . . . ."); Ex. 1 (audio recording of the voicemail). Two days later, on February 11, Elam called and texted Dorian multiple times. Dorian contacted the Indianapolis Metropolitan Police Department to report Elam's behavior, and Officer Tiffany Rand was dispatched. While Officer Rand was at Dorian's house, Elam called Dorian five more times.

[6] The State charged Elam with two counts of invasion of privacy for violating Indiana Code section 35-46-1-15.1(a)(2). The charges related to his actions on February 9 and 11, respectively. At the bench trial, Dorian explained that Elam has had the same phone number since he was in high school and that she has that number saved in her phone as "Grant Elam." Elam testified that he did not recognize Deputy Dean but stated, "I have the original protective order that, uh, was served to me." Tr. Vol. II p. 36. Elam also admitted that he called Dorian on February 9. However, he denied calling or texting her on February 11. The court found Elam guilty on both counts.

[7] Elam now appeals.

# Discussion and Decision

[8]   Elam contends that there is insufficient evidence to show that he was properly served with the protective order and that he was the one who called and texted Dorian on February 11.[1]  When a defendant challenges the sufficiency of the evidence, "we neither reweigh the evidence nor judge witness credibility; instead we consider only the evidence and the reasonable inferences supporting the verdict." *Leonard v. State*, 80 N.E.3d 878, 882 (Ind. 2017).  We will affirm if there is probative evidence from which a reasonable fact finder could have found the defendant to be guilty beyond a reasonable doubt.  *Id.*  To convict a defendant of invasion of privacy under Indiana Code section 35-46-1-15.1(a)(2), the State must prove that the defendant "knowingly or intentionally" violated an ex parte protective order.

[9]   It is unclear if Elam is arguing that he was not served with the protective order or if his argument is that he was served but service was "not proper."  Regarding the service argument, Deputy Dean testified that on February 2 he personally served Elam with the protective order, read the order to Elam, and asked Elam if he had any questions.  And Elam, himself, stated that he had a copy of the order.  This is sufficient to prove that Elam was served with a copy of the order.  To the extent that Elam argues service was "not proper," the

---

[1] In the latter argument, Elam does not distinguish between the conviction relating to February 9 and the conviction relating to February 11.  However, as already noted, Elam, himself, testified at trial that he called Dorian on February 9.  Tr. Vol. II pp. 35-36 ("I called my mom from the VA phone on February Ninth (9th) . . . .").  This alone is sufficient to support his conviction relating to February 9.

invasion-of-privacy statute does "not require actual service of a protective order for a conviction." *Joslyn v. State*, 942 N.E.2d 809, 812 (Ind. 2011). All that is required is actual notice of the order, because the defendant must knowingly or intentionally violate the order. *Id.* By acknowledging that he was served, Elam also admitted to having actual knowledge of the order.

[10] Elam's second argument is that the evidence is insufficient to prove that he was the one who called and texted on February 11. Dorian and Officer Rand both testified that "Grant Elam" called Dorian's cell phone at least five times on February 11. Dorian explained that Elam has had the same phone number since high school and that number was saved in her contacts as "Grant Elam." Elam's challenge to the conviction for his actions on February 11 is merely a request for this Court to reweigh the evidence, which we will not do. *Leonard*, 80 N.E.3d at 882.

[11] Affirmed.

May, J., and Altice, J., concur.